[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15918
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00440-CR-06-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DOE #2,
a.k.a. MAURO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 28, 2008)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Mauro Sanchez appeals his 32-month sentence for conspiracy to transport stolen goods in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2314. After review, we affirm.

From January 2005 to October 2006, Sanchez was a cashier at a grocery store that was part of a "fencing" operation, in which professional shoplifters would steal infant formula and other pharmaceutical items from retailers and deliver them to the grocery store in exchange for payment. Sanchez was one of five co-defendants charged in the conspiracy. Sanchez's role in the conspiracy was to receive the stolen goods from the shoplifters. The stolen goods were subsequently loaded onto trucks behind the grocery store and transported by Sanchez's co-conspirators to New York, where they were sold.

At sentencing, the district court determined that Sanchez was accountable for a loss amount of $1.8 million based on its findings that, during the months in which Sanchez was involved in the conspiracy, an average of two truckloads per month were delivered to New York, each containing goods with a retail value of approximately $75,000. See U.S.S.G. § 2B1.1(b)(1)(I) (adding 16 levels to a defendant's offense level if the loss exceeded $1,000,000).

On appeal, Sanchez contends that the district court erred in holding him accountable for the full value of the merchandise shipped to New York because

his role was limited to paying for stolen merchandise brought into the grocery store and he did not handle all of the merchandise that was shipped.

Under the advisory sentencing guidelines, a defendant may be held accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). To be held responsible for the conduct of others, the conduct must be both (1) "in furtherance of the jointly undertaken criminal activity" and (2) "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3 cmt. n.2; United States v. Hunter, 323 F.3d 1314, 1319-20 (11th Cir. 2003). When determining the loss amount attributable to a particular defendant convicted of a conspiracy offense, the district court must "first determine the scope of criminal activity the defendant agreed to undertake, and then consider all reasonably foreseeable acts and omissions of others in the jointly undertaken criminal activity." United States v. McCrimmon, 362 F.3d 725, 731 (11th Cir. 2004) (quotations marks omitted).[1]

_____

[1]Although we review for clear error findings as to the loss amount, whether the district court misapplied the relevant conduct provisions of § 1B1.3 in attributing loss to a defendant is reviewed de novo. See McCrimmon, 362 F.3d at 728. On appeal, Sanchez does not challenge the district court's calculation of the loss amount resulting from the conspiracy, merely the attribution of the full loss amount to him.

The district court did not err in concluding that Sanchez was accountable for the full amount of the loss resulting from the fencing conspiracy while he was a member. By pleading guilty and not objecting to the facts set forth in the presentence investigation report, Sanchez conceded that the scope of the conspiracy he joined was to pay professional shoplifters for stolen retail goods and to transport those goods from the grocery store to New York, where they would be sold. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Further, as a "stand-in" manager at the grocery store, who also directly participated in the intake of the stolen merchandise, Sanchez was not a low-level participant who was unaware of the larger conspiracy. It was reasonably foreseeable that Sanchez was not the only store employee handling stolen merchandise and that additional stolen merchandise, not just that Sanchez handled personally, would be included in the shipments delivered to New York.

Thus, the district court did not err in attributing the full amount of loss from the conspiracy to Sanchez because the acts of Sanchez's co-conspirators in furtherance of the conspiracy–purchasing merchandise from professional shoplifters and transporting it to New York to be sold–were "reasonably foreseeable" to him.

**AFFIRMED.**